IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


JOE D. COX, II                                          PETITIONER


vs.              Civil Case No. 5:04CV00444 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the
following:

1. Why the record made before the Magistrate Judge is
   inadequate.

2. Why the evidence proffered at the hearing before
   the District Judge (if such a hearing is granted)
   was not offered at the hearing before the
   Magistrate Judge.

3. The detail of any testimony desired to be
   introduced at the hearing before the District Judge
   in the form of an offer of proof, and a copy, or
   the original, of any documentary or other non-
   testimonial evidence desired to be introduced at
   the hearing before the District Judge.

From this submission, the District Judge will determine the
necessity for an additional evidentiary hearing, either before the
Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

Now before the court is a petition for a writ of habeas corpus
by Joe D. Cox, II, an inmate of the Arkansas Department of
Correction. Petitioner entered a guilty plea in state court on
July 24, 2004, to kidnapping and battery in the second degree, and
he received concurrent sentences of twenty-five years and six years
respectively. In Arkansas, a defendant who pleads guilty is not
entitled to a direct appeal. Ark.R.App.P.-Crim. 1. On December 2,

2

2004, Petitioner filed a motion for reduction of sentence (Respondent's Exhibit 6a). On December 29, 2004, he filed a petition for state habeas corpus relief (Respondent's Exhibit 7a), and a petition for relief under Rule 37 of the Arkansas Rules of Criminal Procedure (Respondent's Exhibit 8a). The state court denied all three petitions on January 20, 2005 (Respondent's Exhibits 6b, 7c and 8c), and Petitioner did not appeal any of the dismissal orders. On January 25, 2005, he filed a petition to correct an illegal sentence pursuant to Ark. Code Ann. § 16-90-111 (Respondent's Exhibit 9), which Respondent states is still pending.[1]

In the present petition (DE #2) and amended petition (DE #8), Petitioner raises the following grounds for relief:

1. His guilty plea was involuntary because counsel was ineffective in that he

> A. failed to present Petitioner's medical records to the prosecutor to show he had mental problems and had been under the care of a psychologist since 1996, and he had been prescribed new medication one month before the incident to which he entered the guilty plea;

> B. advised Petitioner that, if he entered a guilty plea and accepted a twenty-five year sentence, he would be eligible for parole in five years under the 1/6 law, and that the 70% law would be done away with in five years; and

> C. was not present during an important hearing

---

[1] Respondent does not raise an exhaustion defense as to this pending state petition.

    2.   The prosecutor did not inform him that what he said to the psychologist would be used against him in court.


I.

Respondent contends grounds 1C and 2 should be dismissed as conclusory.  He further contends all of the claims are procedurally defaulted because Petitioner did not appeal the trial court's adverse rulings on his post-trial motions and two of the motions were untimely.  The Arkansas Supreme Court interpreted all three of the post-trial motions as Rule 37 petitions, however, and dismissed all of them as untimely because Petitioner did not file them within ninety days of the entry of judgment as required by the Rule (Respondent's Exhibits 6b, 7c and 8c).

Where a state court's decision not to review a claim rests on an independent and adequate state procedural ground, federal habeas review is barred unless the petitioner establishes cause for the default and resulting prejudice, or that the failure to address the claim will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 729-30, 749-50 (1991).  Petitioner does not argue here that Rule 37's ninety-day time limitation is not an adequate basis for dismissal and independent of federal law.[2]

---

    [2]   The Supreme Court has observed that ordinarily, a petitioner's failure to observe "firmly established and regularly followed" state rules of procedure will be adequate to foreclose federal habeas corpus review, but not in "exceptional cases" involving "exorbitant application of a generally sound rule."  Lee v. Kemna, 534 U.S. 362, 376 (2002).

4

II.

In order to establish cause for such a default, a petitioner must show "some objective factor external to the defense impeded ... efforts to comply with a State's procedural rule," such as "a showing that the factual or legal basis for the claim was not reasonably available," or that "interference by officials made compliance impracticable." Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner asserts in his petition (DE #2, p. 6), that he did not raise all of his claims in state court because he is mentally disabled and the prosecutor failed to disclose favorable evidence. He asserts in his amended petition (DE #11) that counsel deceived him, he cannot read or write and he did not know his medical records were not present in court. In a pleading filed on May 20, 2005 (DE # 16), he argues he was held at the county jail for thirty days after he was sentenced and the jail did not have a "quick claim form," apparently referring to the forms used by inmates to file state petitions under Rule 37. He further states that, after he was transferred to the Cummins Unit Prison, he was held in the maximum security wing and "it is not like [he could] walk up the hall to the library."

The court first notes that Petitioner's allegations concerning his medical records and information not disclosed by the prosecutor are conclusory and are not sufficient to establish cause for the default. In addition, although ineffective assistance of counsel

5

may excuse a procedural default, it does not do so when the default occurs during post-conviction proceedings, because there is no constitutional right to counsel during that stage of the criminal process. <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991); <u>Sweet v. Delo</u>, 125 F.3d 1144 (8th Cir. 1997), <u>cert</u>. <u>denied</u>, <u>Sweet v. Bowersox</u>, 523 U.S. 1010 (1998).  The Eighth Circuit has applied this principle, even where the post-conviction proceeding was the first opportunity for petitioner to raise his claims of ineffective assistance of counsel.  <u>Nolan v. Armontrout</u>, 973 F.2d 615, 617 (8th Cir. 1992). Even if the court could consider this allegation, Petitioner has not explained how counsel's alleged deception prevented him from filing a timely Rule 37 petition.

Moreover, a petitioner's <u>pro</u> <u>se</u> status in post-conviction proceedings is not sufficient cause for a procedural default, even if he has a low educational level.  <u>Smittie v. Lockhart</u>, 843 F.2d 295 (8th Cir. 1988).  In <u>Vasquez v. Lockhart</u>, 867 F.2d 1056 (8th Cir. 1988), <u>cert</u>. <u>denied</u>, 490 U.S. 110 (1989), the Court found a petitioner's <u>pro</u> <u>se</u> status and lack of familiarity with the language and the court system was not sufficient cause for a procedural default.  Ignorance of the law does not excuse a default at the post-conviction stage.  <u>See</u> <u>Williams v. Lockhart</u>, 873 F.2d 1129, 1130 (8th Cir.), <u>cert</u>. <u>denied</u>, 493 U.S. 942 (1989).

In addition, there is no rule in Arkansas requiring petitioners to file Rule 37 petitions on specific forms, or any

forms at all.  Rule 37.1 describes the required form, and it states the petition may be handwritten or typewritten.  Finally, a petitioner's mental illness may constitute cause for a default, but the petitioner must make a "conclusive showing" that "he was unable to appreciate his position or to make a rational choice regarding his claims."  See Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995).  Petitioner has made no such showing.  In various pleadings submitted in this case, he asserts he has been treated for mental problems for many years.  He does not explain, however, how his treatment or lack of treatment affected him during the time for filing his post-conviction petition to such a degree that he was "unable to appreciate his position or to make a rational choice regarding his claims."  In addition, prior to his guilty plea, Petitioner was examined at the State Hospital by Dr. Ed Stafford, who reported that, at the time of the examination, Petitioner had a factual and rational understanding of the proceedings against him and had the capacity to assist effectively in his own defense.  Dr. Stafford also noted that, although Petitioner had been treated for depression on an outpatient basis, "he has never been diagnosed with a major mental disorder and has no history of psychotic symptoms"(Respondent's Exhibit 11).  Petitioner's vague and conclusory allegations concerning his mental condition are not sufficient to establish cause for his procedural default.  In

addition, Petitioner has offered no explanation for his failure to appeal the denial of his post-conviction petitions.

Petitioner may still gain review of his habeas claims if he can establish his "actual innocence." <u>Schlup v. Delo</u>, 513 U.S. 298 (1995). <u>Schlup</u> requires a petitioner first to present "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" of his innocence. <u>Id</u>. at 324. Here, Petitioner admits he is guilty of beating his mother, but insists he is innocent of kidnapping, because he was taking her to the hospital because she asked him to when he was arrested. Petitioner offers no "new evidence" in support of this claim, other than his bare allegation. In any event, this assertion goes more to his legal innocence, since it relates to his intent to release her, than his innocence of kidnapping her while he was beating her. Thus, he has not sufficiently alleged his actual innocence and he is not entitled to the gateway exception. I find Petitioner's claims are procedurally barred and must be dismissed.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied. All pending motions are denied.

SO ORDERED this 19th day of January, 2006.

_Henry L. Jones, Jr._
United States Magistrate Judge